UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
ELIZABETH RODRIGUEZ,          )
                              )
          Plaintiffs,         )
                              )  Case No. 12-CV-434 (EGS)
     v.                       )
                              )
SHAUN DONOVAN, Secretary      )
United States Department of   )
Housing and Urban Development )
                              )
          Defendant.          )
_____)

## MEMORANDUM OPINION

Plaintiff Elizabeth Rodriguez, proceeding *pro se*, brings this action seeking damages for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA") based on plaintiff's ethic background and her age. Defendant Shaun Donovan, the Secretary of the United States Department of Housing and Urban Development ("HUD") moved to dismiss. Upon consideration of the motion, the entire record herein, and for the reasons stated below, the motion to dismiss will be **GRANTED**.

I.  BACKGROUND

Plaintiff filed her complaint in this Court on March 20, 2012, attaching a copy of a December 21, 2011 Final Agency Decision regarding her EEO complaint against HUD. ECF No. 1.

Plaintiff alleges that she is a 58-year-old Mexican-American woman.  In the Complaint, plaintiff states that she does not agree with the Final Agency Decision.  She alleges that she suffered discrimination in the form of verbal abuse, was subjected to retaliation, her work products were unfairly criticized, and her professional reputation was tarnished.  These actions, plaintiff alleges, caused a mental and physical toll.  The alleged discrimination and mistreatment appear to arise from plaintiff's disagreement as to whether her supervisor Makia Smith-Thomas was qualified to be her supervisor.  The complaint fails to allege specific causes of action or to specify which parts of the Final Agency Decision plaintiff seeks to challenge and why.  The complaint also fails to set forth the grounds for the court's jurisdiction.  Because plaintiff is proceeding *pro se*, the Court has considered the allegations in the Final Agency Decision as incorporated within plaintiff's complaint.

On May 21, 2012, defendant moved to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6).  ECF No. 3.  In the motion, defendant appears to construe plaintiff's complaint broadly and also incorporates claims made by plaintiff in the Final Agency Decision.  Nonetheless, defendant argues that plaintiff has failed to exhaust administrative remedies as to her retaliation claims.  Defendant further argues that even

if plaintiff had exhausted administrative remedies, plaintiff's opposition to her supervisor is not protected activity. Defendant also contends that plaintiff's disparate treatment claims fail because plaintiff was not the subject of an adverse employment decision and she was not similarly situated to the person she alleges was treated fairly. Finally, defendant argues that plaintiff cannot maintain a claim for hostile work environment as a result of one alleged incident.

On June 29, 2012, the Court issued a so-called Fox/Neal Order, advising plaintiff of her obligation to respond to defendant's motion to dismiss. ECF No. 4. The Court advised plaintiff that Local Civil Rule 7(b) required her to "file a memorandum of points and authorities in opposition to the motion." *Id*. at 1. Plaintiff was further advised that if "such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *Id*. The Court directed plaintiff to respond to the motion to dismiss by no later than July 23, 2012.

On July 23, 2012, plaintiff filed a brief response to defendant's motion to dismiss. ECF No. 5. Plaintiff essentially reiterates her claim that she was subjected to retaliation and mistreatment, including that her work product was criticized, and that she was required to report to Ms. Smith-Thomas even though Ms. Smith-Thomas allegedly did not

3

treat plaintiff well.  Plaintiff stated that she "does not trust HUD's Equal Opportunity Office" and chose to go directly to this Court with her claims instead.  Plaintiff also stated that she was seeking legal counsel "who can adequately address this case."

On August 9, 2012, defendant filed a reply in further support of its motion to dismiss.  ECF No. 8.  Defendant argued that plaintiff had conceded all of defendant's arguments by failing to respond to them and that its motion to dismiss should be granted.

On January 11, 2013, the Court held a status conference to address plaintiff's efforts to obtain counsel.  Plaintiff stated that she had been speaking with an attorney but was unsure whether she would proceed with that attorney.  The Court advised plaintiff that if she intended to obtain counsel, counsel would be required to enter an appearance in this case by no later than January 25, 2013, or the Court would proceed to decide the motion to dismiss as it was currently briefed.  On January 25, 2013, plaintiff contacted the Court via telephone and confirmed that counsel would not be entering an appearance on her behalf. Plaintiff did not indicate that she wished to file any additional briefing.

The motion to dismiss is now ripe for the Court's decision.

## II. STANDARD OF REVIEW

An action will be dismissed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Voinche v. Obama*, 744 F. Supp. 2d 165, 170-71 (D.D.C. 2010).

A *pro se* plaintiff's complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Koch v. Schapiro*, 699 F. Supp. 2d 3, 7 (D.D.C. 2010). But even a *pro se* complaint "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citations and quotation marks omitted). Moreover, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted."

5

*Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Even with the liberality afforded pro se complaints, the district court "need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations." *Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008) (quotation marks omitted).

## III. DISCUSSION

"It is well understood in this Circuit that when a plaintiff files an opposition to a motion . . . addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *McMillan v. Wash. Met. Area Transit Auth.*, --- F. Supp. 2d ----, 2012 WL 4845641, at *3 (Oct. 12, 2012) (citing *Howard v. Locke*, 729 F. Supp. 85, 87 (D.D.C. 2010)). In her opposition to defendant's motion to dismiss, plaintiff fails to address defendant's arguments that plaintiff failed to exhaust administrative remedies and that she failed to state a claim as to disparate treatment and hostile work environment. Defendant argues that these arguments have thus been conceded. Although the Court agrees, the Court will address each argument in turn in view of the fact that plaintiff is proceeding *pro se*.

### A. Retaliation Under Title VII and ADEA

In her complaint, plaintiff alleges that she "was subjected to retaliation." In its motion to dismiss, defendant argues

6

that plaintiff has failed to exhaust any retaliation claims because they were not properly raised below.  Specifically, defendant notes that the Final Agency Decision states that plaintiff raised the following three claims, none of which allege retaliation:

> 1) Your requests for personal development and training have been denied;
> 2) You have been subjected to verbal harassment and a hostile work environment; and
> 3) Management has continuously denied your requests to move to a quiet environment.

Final Agency Decision at 1.[1]  Defendant argues that because these claims do not allege retaliation, and because plaintiff provided no evidence of challenging the administrative framing of her claims, she has failed to exhaust administrative remedies under Title VII.  Def.'s Mot. to Dismiss at 7-8 (citing *Robinson v. Chao*, 403 F. Supp. 2d 24, 31 (D.D.C. 2005) (plaintiff did not exhaust administrative remedies that agency did not accept for investigation); *McKeithan v. Boarman*, 803 F. Supp. 2d 63, 68-69 (D.D.C. 2011) (failure to respond to framing of the issues arguably supports a finding that plaintiff failed to exhaust administrative remedies for claims not approved by EEO)).

Similarly, defendant argues that plaintiff failed to exhaust her retaliation claims under the ADEA, which requires

---

[1] The Final Agency decision is attached to plaintiff's complaint and was docketed as ECF No. 1.  The Final Agency Decision begins on page 7 of the Complaint.

that plaintiff either file an administrative claim or sue directly in federal court within 180 days, as long as she gives the EEOC a 30-day notice of intent to sue.  Mot. to Dismiss at 9 (citing 29 U.S.C. § 633a(c), (d)).  Defendant argues that failure to follow either approach bars plaintiff's claims.  *Id*. (citing *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003)).  Defendant contends that plaintiff failed to exhaust the retaliation claims under the ADEA because she did not file an administrative claim and because there is no allegation that she provided the EEOC with notice of intent to sue.

Plaintiff's opposition fails to respond to the exhaustion issue except to state that plaintiff "does not trust HUD's Equal Opportunity Office and chose to go directly" to this Court to pursue her discrimination claims.  Pl.'s Opp. at 3.  Accordingly, the Court finds that plaintiff has failed to exhaust administrative remedies as to her retaliation claims under both Title VII and the ADEA.[2]

---

[2] Defendant argues, and the Court agrees, that even if plaintiff had exhausted her retaliation claims, the underlying activity is not protected by Title VII or the ADEA.  Specifically, plaintiff appears to allege that she was retaliated against because she opposed Ms. Smith-Thomas as her supervisor, which she believed as the result of a poor management decision.  FAD at 9-10.  Title VII and the ADEA protect opposition to unlawful discrimination practices, not to disagreements over management style.  *See Kelly v. Mills*, 677 F. Supp. 2d 206, 221 (D.D.C. 2010).

**B. Disparate Treatment Claims**

1. Claims Prior to September 11, 2010

Defendant makes several arguments in support of dismissal of plaintiff's disparate treatment claims. Defendant first argues that plaintiff has failed to exhaust administrative remedies for certain disparate treatment claims under both the ADEA and Title VII because she did not contact an EEO counselor within 45 days of each alleged discriminatory event. *See* 42 U.S.C. § 2000e-16(c) (Title VII); 29 C.F.R. § 1614.105(a)(1) (ADEA). With respect to the ADEA disparate treatment claim, defendant argues that plaintiff failed to pursue the alternative option of bringing a federal court action within 180 days and providing the EEOC with a 30-day notice of intent to sue. 29 U.S.C. § 633a(c), (d). The Final Agency Decision states that plaintiff contacted an EEO counselor on October 26, 2010. FAD at 1. Defendant argues, therefore, that all allegations of disparate treatment concerning denials of training and development before September 11, 2010 are outside of the 45-day limitations period. Mot. to Dismiss at 7. In its motion, defendant lists three discrete claims outside of the 45-day time period that are arguably time barred: 1) a 2007 denial of a training opportunity to work with Senior Analyst Curt Bandle; 2) a January 2008 conversation between plaintiff and a supervisor in which plaintiff stated that she had been hired "as a Budget

9

Analyst" but was being used as "a clerk typist;" and 3) training and development opportunities allegedly provided to Ms. Smith-Thomas in 2009 that none of the other staff members received.

In her opposition to the motion to dismiss, plaintiff does not challenge defendant's arguments that plaintiff did not exhaust administrative remedies as to the disparate treatment claims occurring before September 11, 2010. She does not provide any evidence, for example, that she did bring those claims before an EEO counselor prior to September 11, 2010. Nor does plaintiff make any allegations about those alleged instances of disparate treatment. Plaintiff also fails to provide any equitable defenses for her failure to exhaust such claims. The Court finds, therefore, that plaintiff failed to exhaust administrative remedies under both the ADEA and Title VII for disparate treatment claims occurring before September 11, 2010.

2. Claims After September 11, 2010

Defendant alleges that the only three possible events constituting disparate treatment claims in the Final Agency Decision within the 45-day limitations period are disapprovals of three training programs. Defendant notes, however, that is unclear from the Final Agency Decision whether approval was denied for these programs before or after September 11, 2010. Construing the complaint and attached Final Agency Decision in

the light most favorable to the plaintiff, the Court will consider those claims to have occurred after September 11, 2010.

The issue here is whether the disapprovals of training programs can state a claim for discrimination. To establish a *prima facie* case of discrimination under Title VII and the ADEA, a plaintiff must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *Nguyen v. Mabus*, --- F. Supp. 2d ----, 2012 WL 4475670, at *7 (D.D.C. Sept. 30, 2012) (citing *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007)). However, "an employment discrimination plaintiff is not required to plead every fact necessary to establish a prima facie case to survive a motion to dismiss." *Jones v. Airline Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002)). A plaintiff must, however, plead sufficient facts to show a plausible entitlement to relief. *Spaeth v. Georgetown Univ.*, 839 F. Supp. 2d 57, 62-63 (D.D.C. 2012) (citing *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011)). The "two essential elements for a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of [her] race, color, religion, sex, or national origin." *Id*.

Defendant argues these alleged denials of training opportunities do not constitute "adverse employment action." Defendant argues that plaintiff has failed to allege, or even suggest that any of the disapprovals of training actually hurt her job performance or otherwise materially changed her employment conditions, status, or benefits. Rather, defendant argues, plaintiff merely speculates that she was at a "disadvantage because [she] can now be reprimanded for not knowing [her job] at the GS-12 level." FAD at 2. Defendant argues that denials of "training, experience, and promotional advancement opportunities" that are "vague and speculative" do not rise to the level of adverse action. *Dorns v. Geithner*, 692 F. Supp. 2d 119, 133 (D.D.C. 2010).

Plaintiff does not address any denial of training opportunities in her complaint or in her opposition to defendant's motion to dismiss. The Court has reviewed the information in the Final Agency Decision regarding the denial of the three training opportunities and found that it does not support an allegation of an adverse employment action. Specifically, the FAD includes plaintiff's allegation that a supervisor told her which classes she needed to take but that those classes were not approved. FAD at 3. There are no allegations that plaintiff suffered an adverse employment action as a result of the denial of training. Moreover, the Final

Agency Decision indicates that plaintiff received more training than any other comparators in her office. FAD at 10 (indicating that plaintiff had attended 16 training programs between 2007-2011; others in the office had attended 7 to 13 training courses).

Accordingly, the Court finds that plaintiff has failed to state a claim for discrimination as a result of the denial of three training courses.

### C. Hostile Work Environment

Defendant alleges that plaintiff's allegation that she was subjected to a hostile work environment also fails because she only describes one incident. For there to be a hostile work environment, the "workplace [must be] permeated with discriminatory intimidation, ridicule, and insult" and the behavior must be "sufficiently severe or pervasive [such that it] alter[s] the conditions of the victim's employment and create[s] an abusive working environment." *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993). A "single incident" is generally not severe or pervasive enough to be a hostile work environment. *Clark County School Dist. v. Breeden*, 532 U.S. 268, 271 (2001). In *Stewart v. Evans*, this Circuit found that an abusive and profane verbal tirade did not create a hostile work environment because the "supervisor's verbal barrage of profanity was not sexually suggestive in any way or otherwise

13

related to or caused by plaintiff's gender." 275 F.3d 1126, 1134 (D.C. Cir. 2002).

Here, plaintiff's allegation of a hostile work environment arises from an incident in September 2010 after plaintiff indicated she wanted to move her desk away from Ms. Smith-Thomas. The Final Agency decision describes the conversation:

> [Plaintiff] alleged that when [plaintiff], Ms. Smith-Thomas, and Mr. Reid met in his office, Ms. Smith-Thomas became livid and pointed her index finger at [plaintiff] and stated in an angry voice, "You mean you're not woman enough to tell me to my face that I talk too much." [Plaintiff] stated that Ms. Smith-Thomas stated, "You never did like me; you're just like everyone else in the office." [Plaintiff] alleged that Mr. Reid sat there and did nothing to stop Ms. Smith-Thomas or require her to exercise a sense of decorum.

FAD at 3. Nothing about this incident suggests it arose from plaintiff's ethnic background or her age. Moreover, even if it had, this single incident is insufficient to create a hostile work environment. In response to defendant's motion, plaintiff only argues that "[i]n addition to the discrimination, plaintiff was subjected to verbal abuse with the Director present!" Pl.'s Opp. at 3. Plaintiff does not respond to defendant's argument that the single incident was not based on her age or gender, and that the single incident cannot constitute a hostile work environment. Accordingly, plaintiff's claim for hostile work environment will be dismissed.

**IV. CONCLUSION**

For the reasons stated above, the Court finds that plaintiff's complaint alleging discrimination in violation of Title VII and the ADEA should be dismissed. Accordingly, defendant's motion is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

**Signed:     Emmet G. Sullivan**
**            United States District Judge**
**            February 12, 2013**